### EDWARD R. MORAN vs. JOHN GOULARTE.

#### FEBRUARY 26, 1919.

PRESENT: Sweetland, Vincent, Baker, and Stearns, JJ.

(1) Scire Facias against Bail. Discharge of Bail.

By Gen. Laws, 1909, cap. 324, § 2, it is provided that bail in a civil action may discharge himself by committing his principal to jail; by paying or tendering the costs which have accrued; by leaving with the keeper of the jail a certified copy of the original writ and by giving to the plaintiff or his agent or attorney of record notice in writing of the time and place of the commitment within six days after making the same.

Held, that the performance of each of the acts so required was essential and was an indispensable prerequisite to the discharge of the bail.

Held, further, that the provision in regard to the six days applied only to the giving of notice and was a limitation of time imposed on the bail and there was nothing in the statute to warrant the implication that this provision was intended to effect a stay of proceedings by the plaintiff for such time after commitment of the principal.

(2) Scire Facias against Bail. Discharge of Bail. Judgment. Default.

Where in an action of scire facias against bail, defendant was defaulted, plaintiff was entitled under Gen. Laws, 1909, cap. 294, § 1 to have judgment entered at once and the liability of the bail was established by the entry of judgment, and if the bail desired to discharge himself from liability the burden was upon him to take the prescribed statutory procedure before the final entry of judgment, and only the complete and timely fulfillment of all the conditions imposed by statute upon him before the entry of final judgment would discharge him, but when judgment has been duly entered the power of the bail to discharge himself had ceased.

(3) Discharge of Bail. Payment of Costs.

Gen. Laws, 1909, cap. 324, § 2, provides as one of the conditions by which bail in a civil action may discharge himself from liability, "paying or tender-

ing to the creditor or his attorney the costs if any which shall have *accrued* on a writ of *scire facias* against him."

*Held*, that the costs which have accrued before judgment need not be taxed by the court in the first instance but bail must pay the same or make sufficient tender.

SCIRE FACIAS against bail. Heard on exception of defendant and overruled.

STEARNS, J. This is an action by writ of *scire facias* against bail. The case is before this court on the defendant's bill of exceptions by which exception is taken to the decision of the Superior Court denying the motion of defendant to vacate a judgment for the plaintiff. The facts as appear from the record are as follows: Edward R. Moran brought an action of deceit against Francis E. Tucker which was begun by writ of arrest and the defendant John G. Goularte became bail for Tucker. On July 5, 1917, Moran recovered judgment against Tucker for $1,168.33 and costs of suit, and the execution issued thereon was later returned into court unsatisfied. February 13, 1918, Moran began the present action by writ of *scire facias* which was duly entered in the Superior Court. The defendant filed several pleas to the action and the case was assigned for trial to May 28, 1918. On the 28th of May the counsel for defendant in open court stated that his client would submit to judgment and the defendant was thereupon called and defaulted. On the 31st of May, 1918, the defendant Goularte by his attorney in fact, Anthony G. Perry, took Tucker into custody in the city of New Bedford, Massachusetts, and on the same day Tucker was brought into this State and surrendered by his bail to the keeper of the Providence County Jail. The sum of $4 was then and there paid to said keeper of the jail for the board of said Tucker for the ensuing one week and a certified copy of the original writ and return of the officer thereon was left with the keeper of the jail. On the same day, May 31st, Anthony G. Perry went to the office of O'Shaunessy, Gainer & Carr, who were the counsel of record for the plaintiff Moran. On being

informed by a clerk in that office that Mr. Carr, the member of the law firm who had appeared in court in the proceedings referred to, was out of the city, Perry then left in said office a notice in writing of the time and place of commitment of said Tucker.   Perry testified that he carried with him to the office the sum of $6.45 which had been given to him by the attorney of defendant for the purpose of paying the costs which had accrued on the writ of *scire facias;* that Mr. Carr was out of the city and as he, Perry, had been instructed to pay the costs of the writ to Mr. Carr personally, he said nothing to anyone in the office about the costs and neither paid them nor made any tender of payment.   Mr. Carr returned to the city and his office about noon on the 3rd of June and at that time found the notice in writing above referred to.   On the same day, the 3rd of June, a citation was issued from the Eighth Judicial District Court to the plaintiff Moran, on the complaint of said Tucker that he was imprisoned in the State Jail in Cranston on surrender of bail on a writ of arrest and request made therein to take the poor debtor's oath.   The hearing on said citation was set therein for the 10th of June, 1918.   Deputy Sheriff Bates went to the office of Mr. Carr on the afternoon of June 3rd and requested him to accept service for Mr. Moran.   Mr. Carr refused to do this as he said that his client might not understand his action.   Mr. Carr testifies that he met James H. Kiernan, one of the men who had been acting for the defendant Goularte in the surrender and commitment proceedings, there was some talk in regard to a settlement, and reference was made by Kiernan to the contemplated poor debtor proceedings; that Kiernan then left him and he returned to his office where he was shortly thereafter served by Deputy Sheriff Bates with the citation in the poor debtor proceeding.   The costs however were not paid nor was any tender thereof made at this time.   Mr. Carr then prepared his affidavit and proof of claim and on June 4th, went before a judge of the Superior Court, made proof of his claim and judgment was thereupon entered for the

plaintiff for $1,168.33, which sum was the amount of damages and costs recovered against the principal with interest and costs as is provided by Chapter 324, Sec. 7, Gen. Laws. Execution was issued on the judgment on the 10th of June, 1918, which was levied on the real estate of the defendant on the 11th of June, 1918. On June 8th, 1918, Tucker was released from the Providence County Jail as his board had not been paid for the second week, as required by the provisions of Chap. 325, Sec. 1, Gen. Laws. On July 2nd 1918, the attorney in fact of John G. Goularte tendered payment to Mr. Carr as attorney for Moran the costs on *scire facias* but the money was refused.

The defendant thereafter on the same day moved in the Superior Court that the judgment entered on the 4th of June be vacated. This motion after a hearing was denied and exception to the decision was duly taken by the defendant.

We have stated the facts with particularity as the defendant claimed that he had been unable to pay the costs in time, because of the absence of Mr. Carr from the city. It appears however that this claim is without foundation. It also appears that during Mr. Carr's absence, other members of his law firm were present in the city and that payment of the costs could have been made or tendered to them if the defendant had so desired.

(1) The defendant contends that the entry of judgment was erroneous and that no valid judgment on a writ of *scire facias* can be entered after the commitment of the principal by bail until the expiration of the period of six days within which time the bail is required by statute to give notice in writing to the plaintiff.

By Sec. 2, Chap. 324, Gen. Laws, 1909, it is provided that any person who shall become bail in any civil action may at any time before final judgment against him as bail on *scire facias* discharge himself as bail in either of two modes. "First. By committing his principal to jail in the county in which he became bail or in which the original writ was

returnable, paying or tendering to the creditor or his attorney the costs, if any, which shall have accrued on a writ of *scire facias* against him as bail, and leaving with the keeper of such jail a certified copy of the original writ and the return of the officer thereon, and a certified copy of the bond given to the officer serving said writ or given to the keeper of the jail in the county of Providence, if either of said bonds have been given, and giving to the plaintiff, if in this state, or his agent or his attorney of record, notice in writing of the time and place of such commitment within six days after making the same."

The second method provided for, is by bringing the principal into court before final judgment shall be rendered on the writ of *scire facias* after notice to the plaintiff or his attorney of record, paying the costs on the writ of *scire facias* and certain other costs, and by delivering his principal into the custody of the court.

The defendant attempted to discharge himself as bail by the first method. The statute provides that the bail may discharge himself by doing certain specified things, viz.: by committing his principal to jail; by paying or tendering the costs which have accrued; by leaving with the keeper of the jail a certified copy of the original writ and by giving to the plaintiff or his agent or attorney of record, notice in writing of the time and place of the commitment within six days after making the same. The performance of each of the acts thus required by the statute is essential and is an indispensable prerequisite to the discharge of the bail. *Howard* v. *Capron*, 3 R. I. 182. The provision in regard to six days applies only to the giving of notice and is a limitation of time imposed on the bail. There is nothing in the statute to warrant the implication that this provision was intended to effect a stay of proceedings by the plaintiff for six days after commitment of the principal. The plaintiff was entitled on proof of his claim to have judgment entered on May 28th at once after the case was defaulted. Sec. 1, Chap. 294, Gen. Laws, 1909, provides that upon

(2) default of the defendant in any case at law, "judgment shall be entered at any time thereafter on *ex-parte* motion and proper proof of claim." The liability of bail was established by the entry of judgment. If the bail desires to discharge himself from liability, the burden is placed upon him to take the prescribed statutory procedure before the final entry of judgment. The plaintiff creditor and the bail each has the right to follow the appropriate statutory proceeding. The surrender of the principal by the bail is but one of the steps to be taken by bail seeking to discharge himself as such. The surrender does not operate as a stay of the *scire facias* proceedings; only the complete and timely fulfillment of all the conditions imposed by the statute on the bail before the entry of final judgment will discharge the bail.

In the case at bar the defendant by the delay of the plaintiff in securing judgment, had a certain period of grace during which he might have discharged himself; but when judgment was duly entered the power of bail to discharge himself had ceased.

(3) The defendant also contends that the costs referred to in the statute must be such costs as have been first taxed by the court. The language of the statute however is "the costs, if any, which shall have accrued," etc. The word "accrue" as used in law is thus defined in Webster's New International Dictionary: "To come into existence as an enforceable claim." On May 31st, the date of the commitment, and up to the time of the entry of judgment, the only costs in the case were the officer's fees for the service of the writ. The amount of these fees is regulated by statute and an examination of the writ of *scire facias* would have given to defendant the information of the amount of fees then due. One of the agents who acted for the defendant in making the commitment, testified that the amount of the costs as they appeared on the record was ascertained by him on the day of the commitment and the trial justice found that the failure to pay the costs was due to the fact that the agent of defendant forgot the matter. But whatever the fact may

be, these fees had accrued at the time in question, and the obligation rested upon the defendant to pay the same or to make a tender thereof before entry of judgment. This he failed to do until July 2, some twenty-eight days after entry of judgment, at a time when the principal had been released from custody, which of course was too late. Sec. 7, Chap. 364, Gen. Laws, 1909, provides as follows: "The following fees shall be taxed and allowed in bills of costs to attorneys and parties in the superior court in civil cases:—To the attorney of the party obtaining judgment........$5 00." The distinction thus appears between the costs in question which have accrued before judgment and costs which have arisen after judgment. The costs which have accrued before judgment need not be taxed by the court in the first instance, but bail must pay the same or make sufficient tender. In the case at bar as the defendant failed to pay the costs on the writ of *scire facias* before final judgment, he failed to discharge himself as bail and the judgment was properly entered against him.

The exception of the defendant is overruled and the papers are ordered sent back to the Superior Court.

*O'Shaunessy, Gainer & Carr,* for plaintiff.

*Daniel A. Colton, Edward M. Sullivan,* for defendant.